## G. W. Hill v. James R. Farmer, Adm'r.

**Infants—Presumption—Confession of Judgment.**

As against an infant defendant, a presumption cannot be indulged nor a judgment taken as confessed.

### APPEAL FROM WEBSTER CIRCUIT COURT.

February 18, 1873.

OPINION BY JUDGE LINDSAY:

It appears from the record that appellant, E. W. Hill, was an infant in May, 1871, and it is not shown that he had reached his majority in the November following, when the judgment was rendered. Nothing should have been taken for confessed against him. It is not proved that L. T. Hill represented to Farmer that there was no accrued interest due on the three notes given to Skinner for that portion of the purchase price remaining unpaid on one of the tracts of land sold to Farmer. It is true the bond for title recites that the total amount to be paid for the tracts sold to Farmer was $4,500. But the cash payment and the notes executed by Farmer, together with his agreement to pay off the Skinner notes, show that more than that sum was to be paid. That there was a mistake is in evidence, but whether it was as to the aggregate amount to be paid, or as to the amount of the three Skinner notes, can not be determined from anything appearing in this record.

The presumption ought not to be in favor of the party seeking relief against an infant defendant. But if it be admitted that the claim asserted against L. T. Hill is satisfactorily established, still, upon the pleadings and proof the land conveyed to appellant by E. Skinner ought not to have been subjected to its payment.

It is charged that L. T. Hill was the equitable owner of said land and that he fraudulently procured Skinner to convey it to appellant and that no consideration passed from appellant to his father.

It thus appears that the legal title at the time of the commencement of this proceeding was in appellant. Surely Farmer ought to have been required to show that he had procured the title through the fraud of his father, or at least that the father had once owned

the land, and that the circumstances attending the conveyance to appellant were such as to excite suspicion of bad faith. Yet there is not a word of proof tending to sustain these material and indispensable allegations of the petition.

The judgment recites that the petition is taken for confessed as against appellant, notwithstanding his infancy, and the further fact that he had answered by a guardian *ad litem*.

Said judgment must be reversed and the cause remanded for such further proceedings as may be necessary to protect the interests of appellant.

*M. C. Given, for appellant.*

———, *for appellees.*